**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE )<br><br>)    Misc. No. 1:26-mc-00033 (UNA)<br>LETTERS ROGATORY, )<br><br>)<br>Petitioner, )<br><br>) | |

**MEMORANDUM OPINION**

On April 27, 2026, the Court entered a Minute Order directing Plaintiff, Ras Lazarus Nazari to, within 30 days, file a more detailed motion for leave to proceed *in forma pauperis* ("IFP"), or alternatively, pay the $52 filing fee for this miscellaneous action. On May 26, 2026, Nazari filed a Renewed Motion for Leave to Proceed IFP, ECF No. 3, and upon review, the Court grants that Motion as to Nazari <u>only</u>. However, for the reasons explained below, this action is dismissed without prejudice.

Nazari, a resident of Savannah, Georgia, has filed an Initiating Submission ("Sub."), ECF No. 1, without a Federal Rule 7(a) designation, that is also not captioned for this District Court, thus doubly contravening Federal Rule 10(a) and D.C. Local Civil Rule 5.1(g). Moreover, Nazari attempts to bring his action, largely, if not entirely, on behalf of an entity, EWF, Inc*., see generally* Sub., which he may not do because he is not licensed counsel, and for that reason alone, this matter must be dismissed, *see* 28 U.S.C. § 1654; *see also see Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)). Nor may the entity proceed IFP, because a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland*, 506 U.S. at 201–07.

Even setting those defects aside, Nazari has still failed to state a claim. To sufficiently state a claim upon which relief can be granted, a plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Here, even affording Nazari "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), he fails to state an actionable claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Nazari's initiating submission repeatedly refers, at the outset, to a "Letter of Rogatory." *See* Sub. at 1. He then asks this Court to acknowledge "historical, genetic (R1-M173), linguistic, and sovereign continuity from Ethiopia to the Americas," to recognize "EWF, Inc.'s treaty-trader and economic reconstruction rights," to confirm "the lawful establishment of FTZ operations, standardization initiatives, and regulatory reciprocity frameworks," and protect EWF, Inc. from discriminatory enforcement inconsistent with civil rights and human rights obligations." *See id.* at 4.

As background, a letter rogatory "denotes a formal request from a court in which *an action is pending*, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54 (emphasis added). A federal court may issue a letter rogatory for execution to certain foreign or international tribunals, officers, or agencies, *see* Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b)(2), to (1) "serve process on an individual or corporation within the foreign jurisdiction[,]" or to (2) "take evidence from a specific person within the foreign jurisdiction[,]" Black's Law Dictionary 778; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) ("[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness.") (citation omitted).

To reiterate, parties may seek the issuance of letters rogatory for use in "*underlying* civil lawsuits and underlying criminal prosecutions." *In re Premises Located at 840 140th Ave. Ne, Bellevue, Wash.*, 634 F.3d 557, 562 (9th Cir. 2011) (emphasis added) (citing *Intel Corp.*, 542 U.S. at 246); *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989)).  Nazari does not cite to any underlying case or pending action, *see* 22 C.F.R. § 92.54, which, standing alone, warrants dismissal, *see In Re: DMCA Subpoena Request Of Erich Lamas*, No. 26-MC-00292, 2026 WL 1734569, at *1 (S.D.N.Y. Jun. 16, 2026) ("Further, the [plaintiff's] documents petition for a foreign subpoena but list no underlying case.  The relief that [the plaintiff] seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice."); *Lewis v. Unnamed Defendant(s)*, No. 20-mi-00041, 2021 WL 8268215, at *1 (N.D. Ga. Sept. 10, 2021) ("Plaintiff's request [for letter rogatory] is problematic.  Put simply, letters rogatory are a medium by which courts communicate. They require a primary legal proceeding in one court and the secondary assistance of another, foreign court.  That is not the case here. . . there is no underlying judicial proceeding, as Plaintiff never filed a complaint in the first place. Therefore, the preconditions for a letter rogatory are absent here."), *R&R adopted*, 2021 WL 8268132 (N.D. Ga. Oct. 15, 2021).

Furthermore, "Section 1782 applies to 'a letter rogatory issued, or request made . . . upon the application of any *interested person*." *Zavadovsky v. Republic of Austria*, No. 25-1008, 2026 WL 875148, at *1 (D.D.C. Mar. 31, 2026) (emphasis added) (quoting 28 U.S.C. § 1782(a)).  As pleaded, Nazari is not an interested person.  *See id*.  He has not alleged that he is a party to a foreign lawsuit, or as noted, to an underlying domestic criminal, civil, or governmental proceeding that requires a letter rogatory.  Indeed, Nazari has not alleged *any* personal connection to the relief

sought, focusing instead on the entity, EWF, Inc., thus failing to establish his own standing as an interested person. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

Finally, the Court finds that, although Nazari packages this action as a request for a letter rogatory, the relief sought does not align with such a cause of action. *See* Sub. at 4. Letters rogatory "come in the form of a request for a foreign court to perform some judicial act, such as 'the taking of evidence; the serving of a summons, subpoena, or other legal notice; or the execution of a civil judgment.'" *Lewis*, 2021 WL 8268215, at *1 (quoting 23 Am. Jur. 2d Depositions and Discovery § 15). Nazari broadly asks this Court for declaratory relief, but he does not ask for a foreign court to take evidence or execute a civil judgment. And he does not cite to any legal authority that establishes the Court's subject matter jurisdiction over the relief he, in fact, seeks.

Accordingly, for all of the stated reasons, this action is dismissed without prejudice. *See U.S. v. Gullett-El*, Nos. 19-CV-10247, 14-CR-00725, 2020 WL 3963743, at *8 (C.D. Cal. Jul. 13, 2020) ("Since petitioner's letter rogatory request is frivolous, largely unintelligible, and unlikely to result in the discovery of admissible evidence, the Court denies the request."), *cert. of appealability denied*, No. 20-55808, 2021 WL 7081078 (9th Cir. Dec. 17, 2021), *cert. denied*, 142 S.Ct. 1394 (2022). A separate Order accompanies this Memorandum Opinion.

Date:   July 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge